ORAL ARGUMENT NOT YET SCHEDULED

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL,<br><br>*Petitioner*,<br><br>v.<br><br>NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, *et al.*,<br><br><br>*Respondents*. | Case No. 22-1080<br>& consolidated cases |

**PETITIONER'S MOTION
TO EXTEND TIME TO SUBMIT BRIEFING PROPOSAL**

Petitioner Natural Resources Defense Council (NRDC) respectfully moves to extend the deadline for submitting proposed formats for the briefing of these consolidated cases to thirty days after the Court resolves forthcoming motions to intervene by prospective parties. In the alternative, NRDC requests that the Court at a minimum extend the deadline approximately two weeks from August 15 to August 31—which would be thirty days after the August 1 deadlines for motions to intervene and statements of issues to be filed in Case Nos. 22-1144 and 22-1145.

Petitioner in No. 22-1145 does not oppose the relief requested in this motion. Petitioners in No. 22-1144 do not oppose the requested extension to August 31 and take no position on the other relief requested. Respondents' position

is that the current August 15 deadline would afford adequate time to submit

proposals after the motions to intervene are due on August 1.

## BACKGROUND

These cases seek review of final action of the National Highway Traffic

Safety Administration (NHTSA) under the Energy Policy and Conservation Act

(EPCA), which requires the agency to establish corporate average fuel economy

standards for new cars and light trucks at maximum feasible levels. Under EPCA,

petitions for review of that action are timely if filed within 59 days after the

regulation was prescribed. 49 U.S.C. § 32909(b). In addition to NRDC's petition

(Case No. 22-1080), two other petitions were timely filed, both on the 59th day,

June 30, 2022 (Case Nos. 22-1144, 22-1145). This Court consolidated the three

cases on July 1. Dkt. No. 1953265.

On July 13, the Court sua sponte ordered the parties to submit briefing

format proposals by August 15. Dkt. No. 1954893. Per the Court's original

consolidation order, however, initial statements of issues are not due to be

submitted for the two later-filed petitions until August 1. Dkt. No. 1953265. New

prospective parties can also timely move to intervene up through August 1. *See*

Fed. R. App. P. 15(d). NRDC is currently planning to move to intervene in the two

later-filed petitions with a yet-to-be-finalized group of public interest

organizations.[1] NRDC is also aware of at least one other distinct group of prospective parties that are likely to seek to intervene on or before August 1.

## ARGUMENT

This Court should grant the motion and extend the deadline for submitting briefing format proposals to thirty days after it resolves forthcoming motions to intervene, so that all parties in these consolidated cases can participate fully in discussions to develop a joint proposal. In the alternative, the Court should at least order a short extension to August 31.

Primary considerations in developing a reasonable briefing schedule are (i) the number and complexity of the issues and (ii) the identity of the parties and the alignment (or not) of their legal interests with respect to those issues. Here, however, the full scope of issues to be litigated and the full landscape of parties litigating them are still unknown. Petitioners' statements of issues in Case Nos. 22-1144 and 22-1145 are not due until August 1. And while the existing

---

[1] Although NRDC is a petitioner in No. 22-1080, it will be on the opposite side of the dispute over the legality of NHTSA's action as the petitioners in Nos. 22-1144 and 22-1145. Whereas NRDC will contend that NHTSA made specific errors that led the standards to be less stringent than may be required by EPCA, the other petitioners will likely contend that NHTSA set standards that are more stringent than they should be. NRDC and its prospective co-intervenors will seek leave to intervene to guard against the additional harm to their members that will ensue if the later-filed petitions are granted and the standards are weakened. This Court has previously granted leave to intervene in analogous circumstances in challenges to NHTSA's prior round of fuel economy standards. *See* Order, *Competitive Enter. Inst. v. NHTSA*, Case No. 20-1145, Dkt. No. 1865427 (D.C. Cir. Oct. 8, 2020).

parties will learn the landscape of prospective intervenors on August 1, the party status of those prospective intervenors will not be certain until the Court resolves the motions to intervene.

A reasonable extension of time—after all the issues and parties are fully known—is most likely to facilitate the Court's "strong" preference that the parties "submit a joint proposal" and avoid "repetitive submissions." Dkt. No. 1954893. All parties will need time to confer among the various petitioners and potential intervenors on both sides of the issues to determine which groups have aligned interests such that joint briefs are feasible. The parties will also need at least some time to assess substantively the later petitioners' two new statements of issues, once they are filed, in order to develop views on reasonable brief sizes, the time needed to prepare them, and the intervals between briefs.

Such an extension is also consistent with the time regularly afforded to parties in other agency review cases. *See, e.g.*, *Clean Wisconsin v. EPA*, Case No. 18-1203, Dkt. No. 1755868 (D.C. Cir. Oct. 18, 2018) (order to submit briefing proposals entered after granting motions to intervene and providing approximately one month for submission); *Union of Concerned Scientists v. NHTSA*, Case No. 19-1230, Dkt. No. 1826992 (D.C. Cir. Feb. 4, 2020) (same); *Ohio v. EPA*, Case No. 22-1081, Dkt. No. 1954463 (D.C. Cir. July 12, 2022) (same). As a recent example, the Court issued a briefing proposal order in *Texas v.*

*EPA*, Case Nos. 22-1031, et al., the same day as it issued the order in this case. Dkt. No. 1954891. That order also set a proposal deadline of August 15, but there the statements of issues had been filed and the intervenor motions resolved well in advance of the order. *See* Dkt. Nos. 1937271, 1943675. In other words, the issues and parties were known in advance of the Court's order and the parties then had more than thirty days to develop a briefing proposal.

The August 15 deadline for briefing format proposals in the *Texas v. EPA* set of cases provides no basis to deny the instant motion to extend the deadline in this distinct set of cases. Each set of cases involves a different final action, taken by a different federal agency, under a different statutory mandate, and at a different time. Each agency action has a distinct (and relatively voluminous) administrative record. For its part, NRDC attests that the issues it plans to litigate as petitioner here are specific to NHTSA's action and record and the agency's application of EPCA, and would not be relevant, to NRDC's knowledge, to any issue plausibly to be raised in the EPA litigation.

## CONCLUSION

This Court should extend the deadline for submitting proposed briefing formats to thirty days after it resolves forthcoming intervention motions or, in the alternative, to August 31.

Respectfully submitted,

/s/ Pete Huffman

Pete Huffman
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
(202) 289-6868
phuffman@nrdc.org

*Counsel for*
*Natural Resources Defense Council*

Filed: July 27, 2022

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Motion contains 1,135 words and was composed in Times New Roman font, 14-point. The motion complies with applicable type-volume, typeface, and type-style requirements.

/s/ Pete Huffman

Dated: July 27, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2022, I served the foregoing Motion on all

parties through the Court's electronic case filing (ECF) system.

/s/ Pete Huffman