No. 22-1080 and consolidated cases

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NATURAL RESOURCES DEFENSE COUNCIL,

*Petitioner,*

v.

NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, *et al.*,

*Respondents.*

On Petition for Review of a Final Action of the
National Highway Traffic Safety Administration

**INITIAL BRIEF FOR RESPONDENT-INVERVENOR
PUBLIC INTEREST ORGANIZATIONS**

Sean H. Donahue
Donahue & Goldberg, LLP
1008 Pennsylvania Avenue, SE
Washington, DC 20003
(202) 277-7085
sean@donahuegoldberg.com

*Attorney for Respondent-Intervenor
Environmental Defense Fund*

*Additional counsel listed in signature block*

April 11, 2023

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1) and Federal Rule of Appellate Procedure 26.1, the undersigned counsel certifies as follows:

**A. Parties**

1. Except for the following, all parties, intervenors, and amici appearing in these consolidated cases are listed in the Briefs of Petitioner American Fuel & Petrochemical Manufacturers and State Petitioners, and Respondent National Highway Traffic Safety Administration:

*Amici in Support of Respondents*: Senator Tom Carper, Representative Frank Pallone, Jr., and the Institute for Policy Integrity at New York University School of Law.

2. The Respondent-Intervenor Public Interest Organizations joining this brief are Environmental Defense Fund, Environmental Law & Policy Center, Natural Resources Defense Council, Public Citizen, Sierra Club, and Union of Concerned Scientists. All are non-profit public interest organizations; none of them has any parent corporation, and no publicly held entity owns 10 percent or more in any of them.

**B. Ruling Under Review**

The agency action under review is identified in the brief of Respondent National Highway Traffic Safety Administration.

**C. Related Cases**

The case on review has never previously been before this Court or any other. Other than these three consolidated cases, Respondent-Intervenor Public Interest Organizations are not aware of any related cases within the meaning of Circuit Rule 28(a)(1)(C). The Court's September 22, 2022 order in these cases directed that oral argument be held on the same day and before the same panel as *Texas v. EPA*, No. 22-1031 (D.C. Cir.).

*/s/ Sean H. Donahue*
Sean H. Donahue
Donahue & Goldberg, LLP
1008 Pennsylvania Avenue, SE
Washington, DC 20003
(202) 277-7085
sean@donahuegoldberg.com

# TABLE OF CONTENTS

Certificate as to Parties, Rulings, and Related Cases .................................................i

Table of Contents ........................................................................................ iii

Table of Authorities ......................................................................................iv

Glossary......................................................................................................v

Statutes and Regulations .................................................................................1

Introduction and Summary of Argument...................................................................1

Argument....................................................................................................2

Conclusion .................................................................................................4

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

Cases

*Massachusetts v. EPA*, 549 U.S. 497 (2007) ...................................................2, 4

*WildEarth Guardians v. EPA*, 751 F.3d 649 (D.C. Cir. 2014)..................................3


Statutes

42 U.S.C. § 7521(a) ...............................................................................................2, 3

*49 U.S.C. § 32902(a) ...............................................................................................1

49 U.S.C. § 32902(f) .................................................................................................4

*49 U.S.C. § 32902(h)(1) ..........................................................................................1


Other Authorities

86 Fed. Reg. 74,434 (Dec. 30, 2021) ........................................................................3

87 Fed. Reg. 25,710 (May 2, 2022) ......................................................................3, 4

*Authorities chiefly relied upon are marked with an asterisk.

# GLOSSARY

| | |
|---|---|
| EPA | United States Environmental Protection Agency |
| EPCA | Energy Policy and Conservation Act |
| Fuel/States Br. | Brief of Petitioner American Fuel & Petrochemical Manufacturers and State Petitioners |
| Inst. for Pol'y Integrity Amicus Br. | Brief of the Institute for Policy Integrity at New York University School of Law as *Amicus Curiae* in Support of Respondents |
| NHTSA | National Highway Traffic Safety Administration |
| NHTSA Br. | Brief for Respondents |
| State Resp.-Int. Br. | Brief of State and Local Government Respondent Intervenors |

Respondent-Intervenor Public Interest Organizations adopt the statements of jurisdiction, issues, the case, and standard of review from the brief of the National Highway Traffic Safety Administration (NHTSA) in Nos. 22-1144 and 22-1145.

## STATUTES AND REGULATIONS

Pertinent statutes and regulations are in the addendum to NHTSA's brief.

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Energy Policy and Conservation Act (EPCA) requires NHTSA to set automobile fuel-economy standards at the "maximum feasible average fuel economy level that … manufacturers can achieve" in each model year. 49 U.S.C. § 32902(a). As NHTSA's brief explains, NHTSA meets this obligation to decide what manufacturers "can achieve" by determining how much manufacturers can feasibly *increase* fuel economy over baseline fuel-economy levels they already have achieved and are projected to achieve in relevant model years without further regulation. NHTSA Br. 35-38. NHTSA complies with 49 U.S.C. § 32902(h)(1)'s directive not to "consider the fuel economy of [alternative-fuel] automobiles" in determining maximum achievable fuel economy by not considering such vehicles in deciding what increases are feasible. Section 32902(h)(1) does not also require NHTSA to exclude alternative-fuel vehicles when determining the baseline. As NHTSA explained, that starting point should reflect the fuel economy of the real-world baseline fleet, not the fictional construct Petitioners demand. NHTSA Br.

24-25; *see also* State Resp.-Int. Br. 10, 22-25; Inst. for Pol'y Integrity Amicus Br. 3-10.

Public Interest Organizations submit this brief to address an additional point: the suggestion by Petitioners that the Environmental Protection Agency's (EPA) separate promulgation of the emission standards in *Texas v. EPA* (No. 22-1031)—before NHTSA prescribed its fuel-economy standards—reflected an improper interagency scheme to impose an electric-vehicle mandate on automakers. Fuel/States Br. 1-3. On the contrary, EPCA and the Clean Air Act give NHTSA and EPA legally distinct tasks that do not mandate joint rulemaking and that can yield standards with different structures, implementation timing, and substantive requirements, and that could have different effects on manufacturers' electric vehicle production.

**ARGUMENT**

NHTSA and EPA carry out "wholly independent" and markedly different statutory mandates. *Massachusetts v. EPA*, 549 U.S. 497, 532 (2007). The Clean Air Act directs EPA to issue standards that prevent or control emissions of dangerous air pollutants from classes of motor vehicles. 42 U.S.C. § 7521(a). By contrast, EPCA directs NHTSA to conserve energy—especially to reduce the petroleum the Nation's vehicles consume. The Clean Air Act requires EPA to consider *any* available technologies, including "complete systems," such as electric

drivetrains, that prevent pollution. *Id*. Under EPCA, as explained above, NHTSA's ability to consider electric vehicles' contribution to reducing oil consumption is limited.

As a result of these and other "differences in [their] statutory mandates," 86 Fed. Reg. 74,434, 74,457 (Dec. 30, 2021), EPA's and NHTSA's standards will necessarily differ in form and substance. For example, as noted, under the Clean Air Act EPA can and must consider all available technologies in setting the stringency of emissions standards, whereas under EPCA NHTSA is prohibited from considering certain categories of vehicle technologies in setting the stringency of fuel economy standards.

Contrary to Petitioners' contentions, moreover, there is no obligation for EPA and NHTSA to set their standards jointly. To be sure, the statutes *permit* the two agencies to engage in joint rulemakings, as they have in the past. But here, the agencies reasonably decided to engage in separate rulemakings based on differing statutory lead-time requirements for revising their standards, among other resource considerations. *See* 86 Fed. Reg. at 74,436, 74,456-57; 87 Fed. Reg. 25,710, 25,722 (May 2, 2022); *see also WildEarth Guardians v. EPA*, 751 F.3d 649, 651 (D.C. Cir. 2014) (agency has "discretion to determine the timing and priorities of its regulatory agenda"). And EPCA expressly contemplates the possibility that

3

EPA's emission standards will precede NHTSA's fuel-economy standards, for it requires NHTSA to consider EPA's standards, *see* 49 U.S.C. § 32902(f).

Unsupported claims that the agencies acted improperly by pursuing their different missions at different times—while still "coordinat[ing]" with each other to "produce requirements that are consistent with the agencies' respective statutory authorities," 87 Fed. Reg. at 25,722; *Massachusetts*, 549 U.S. at 532—should not affect the Court's determination of the lawfulness of those distinct actions.

## CONCLUSION

This Court should deny the petitions for review in Nos. 22-1144 and 22-1145.

Respectfully submitted,

Joanne Spalding
Andrea Issod
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5725
joanne.spalding@sierraclub.org
andrea.issod@sierraclub.org

Josh Berman
Sierra Club
50 F Street NW, 8th Floor
Washington, DC 20001
(202) 650-6062
josh.berman@sierraclub.org

/s/
Sean H. Donahue
Donahue & Goldberg, LLP
1008 Pennsylvania Avenue, SE
Washington, DC 20003
(202) 277-7085
sean@donahuegoldberg.com

Vickie L. Patton
Peter Zalzal
Andrew Su
Eric M. Wriston
Elle Stephens
Environmental Defense Fund
2060 Broadway, Ste. 300
Boulder, CO 80302
(303) 447-7214

Vera Pardee
726 Euclid Avenue
Berkeley, CA 94708
(858) 717-1448
pardeelaw@gmail.com

*Counsel for Sierra Club*

Ian Fein
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-6100
ifein@nrdc.org

David Doniger
Pete Huffman
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 289-6868
ddoniger@nrdc.org
phuffman@nrdc.org

*Counsel for Natural Resources Defense Council*

Robert Michaels
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 795-3713
rmichaels@elpc.org

*Counsel for Environmental Law & Policy Center*

vpatton@edf.org
pzalzal@edf.org
asu@edf.org
ewriston@edf.org
estephens@edf.org

*Counsel for Environmental Defense Fund*

Jessica Anne Morton
Sarah Goetz
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmorton@democracyforward.org
sgoetz@democracyforward.org

*Counsel for Union of Concerned Scientists*

Scott L. Nelson
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
snelson@citizen.org

*Counsel for Public Citizen, Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief contains 704 words and employs 14-point Times New Roman font.

<u>/s/ *Sean H. Donahue*</u>

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2023, I served the foregoing brief on counsel of record via the Court's electronic case filing system.

<u>/s/ *Sean H. Donahue*</u>

DATED: April 11, 2023