

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA • ASIA PACIFIC • EUROPE

EMCARTHUR@SIDLEY.COM
+1 202 736 8018

August 30, 2023

By CM/ECF

Mark J. Langer
Clerk of Court
United States Court of Appeals
  for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

      Re:   *Natural Resources Defense Council v. NHTSA*, No. 22-1080
           (consolidated with Nos. 22-1144 and 22-1145)

Dear Mr. Langer:

      Pursuant to Federal Rule of Appellate Procedure 28(j), we write to inform the Court that *American Public Gas Association v. Department of Energy*, No. 22-1107 (D.C. Cir. July 7, 2023), offers further support for the vacatur argument raised by Petitioner American Fuel & Petrochemical Manufacturers and the State Petitioners. *See* Pet. Br. 45–50, 59–61, 64–65; Reply 29–33.

      In *American Public Gas*, this Court vacated the Department of Energy's efficiency standards for commercial boilers. Op. 29. The Department opposed vacatur, warning that it would cause "significant disruption" and "harm the public" by erasing "significant environmental and health benefits" because "noncompliant boilers" would be sold before the agency could promulgate revised standards. *Id.* at 28. The Court acknowledged these concerns but found that the Department had not "demonstrate[d] that the egg ha[d] been scrambled," such that there was "no apparent way to restore the status quo ante." *Id.* (citation omitted). Manufacturers could still produce boilers that "meet either standard," and "a significant number of consumers already purchase" boilers that meet the stricter standards. *Id.* at 28–29.

**SIDLEY**

Page 2

The Court thus vacated the standards—the "'normal remedy' when a rule is found unlawful." *Id.* at 27 (citation omitted).

      The same remedy is warranted here. Like the Department, NHTSA argues that vacatur "would have significant disruptive consequences" for the environment and public health. NHTSA Br. 80, 84. And like the Department, it worries that it could not promulgate revised standards in time to cover "at least some" of the "model years at issue." NHTSA Br. 82. But no eggs have been scrambled. Vacating NHTSA's fuel-economy standards would simply restore "the state of affairs under the prior, less stringent standards," leaving automakers free to produce fleets that "meet either standard." Op. 28; see Reply 31–32. In fact, the grounds for vacatur are even stronger here than in *American Public Gas*, since the Department was already enforcing its efficiency standards by the time that case was argued. *Id.* By contrast, NHTSA's footprint-based fuel-economy standards will not be calculated or enforced until the end of model year 2024. *See* J.A. 913.

Respectfully submitted,

/s/ Eric D. McArthur
Eric D. McArthur
Kathleen M. Mueller
Peter A. Bruland
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
emcarthur@sidley.com

*Counsel for Petitioner*
*American Fuel &*
*Petrochemical Manufacturers*

**CERTIFICATE OF SERVICE**

I certify that on August 30, 2023, I electronically filed the foregoing letter with the Clerk of Court using the CM/ECF system, which will send notice to all registered CM/ECF users.

/s/ Eric D. McArthur