**ROB BONTA**  
*Attorney General*

State of California  
**DEPARTMENT OF JUSTICE**

1515 CLAY STREET, 20TH FLOOR  
P.O. BOX 70550  
OAKLAND, CA 94612-0550

Public: (510) 879-1300  
Telephone: (510) 879-0299  
Facsimile: (510) 622-2270  
E-Mail: Elaine.Meckenstock@doj.ca.gov

September 27, 2023

Mark J. Langer  
Clerk of Court  
United States Court of Appeals  
  for the District of Columbia Circuit  
E. Barrett Prettyman U.S. Courthouse  
333 Constitution Avenue, N.W.  
Washington, D.C. 20001

RE: *Natural Resources Defense Council v. NHTSA*, No. 22-1080 (consolidated with Nos. 22-1144 and 22-1145)

Dear Mr. Langer:

Petitioners' September 18 letter asserts that 49 U.S.C. § 32902(h) "originally appeared in two separate provisions" of the 1988 fuel-economy statute. ECF 2017651 at 1. That correctly describes the origin of subsections (h)(1) and (h)(2). But subsection (h)(3)—which restricts consideration of "the trading, transferring, or availability of credits" issued under 49 U.S.C. § 32903—was added in 2007, when Congress expanded the credit program. *See* State Respondent-Intervenors' Addendum at ADD_031.

The addition of (h)(3) confirms that subsection (h) logically applies only to NHTSA's consideration of manufacturer responses to new fuel-economy standards—not to the agency's consideration of what manufacturers have already done or will do regardless of those standards. Each element listed in (h)(1)-(h)(3) exists exclusively as a compliance flexibility under the fuel-economy program. State Respondent-Intervenor Br. 17. Congress plainly intended to preclude consideration only of how these flexibilities might substitute for the ordinary means of compliance: upgrading vehicles' fuel economy *over* the status quo.

September 27, 2023
Page 2

Petitioners' omission of (h)(3) from their letter continues their failure to explain how their interpretation operates consistently for all three subprovisions of (h). By contrast, NHTSA's interpretation treats the three elements in (h)(1)-(h)(3) the same way: NHTSA builds its baseline fleet from a real-world fleet that naturally reflects the electric vehicles manufacturers have produced, *as well as* manufacturers' prior use of credits in lieu of fuel-economy improvements to particular vehicles. Petitioners argue that (h)(1) requires NHTSA to erase manufacturers' decisions to produce electric vehicles, but notably have not demanded that NHTSA erase manufacturers' decisions to trade, transfer, or use credits instead of upgrading their vehicles.

Finally, even with respect to subsection (h)(1), Petitioners' statutory history confirms that the perverse outcomes of applying (h)(1) to a baseline fleet containing growing numbers of alternative-fueled vehicles is a structural problem with Petitioners' interpretation, not one that can be eliminated through adjustments in the Department of Energy's petroleum-equivalency factor. That factor only applies to electric vehicles, 49 U.S.C. § 32904(a)(2)(B), and (h)(1) has always included *other* alternative-fueled vehicles for which Congress itself established fixed, incentivizing fuel-economy equivalencies, ECF 2017651 at 7, 12; 49 U.S.C. § 32905(a), (c).

Respectfully submitted,

ROB BONTA
Attorney General of California
EDWARD H. OCHOA
Senior Assistant Attorneys General
MYUNG J. PARK
GARY E. TAVETIAN
Supervising Deputy Attorneys General

*/s/ Theodore A.B. McCombs*
THEODORE A.B. MCCOMBS
M. ELAINE MECKENSTOCK
Deputy Attorneys General

## CERTIFICATE OF COMPLIANCE

I certify that, consistent with Fed. R. App. P. 28(j), the body of the foregoing letter contains 349 words.

## CERTIFICATE OF SERVICE

I certify that on September 27, 2023, I served the foregoing letter via the Court's CM/ECF system, which will serve electronic copies upon all counsel of record.

*/s/ Theodore A.B. McCombs*
THEODORE A.B. MCCOMBS
*Attorney for Respondent-Intervenor State of California, by and through its Governor Gavin Newsom, Attorney General Rob Bonta, and the California Air Resources Board*