**[ORAL ARGUMENT HELD SEPTEMBER 14, 2023]**

**Nos. 22-1080, 22-1144, 22-1145**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

NATURAL RESOURCES DEFENSE COUNCIL, et al.,

Petitioners,

v.

NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, et al.,

Respondents.

On Petition for Review of a Final Rule
Issued by the Department of Transportation,
National Highway Traffic Safety Administration

## SUPPLEMENTAL REPLY BRIEF FOR RESPONDENTS

*Of Counsel:*

SUBASH IYER
  *Acting General Counsel*

PAUL M. GEIER
  *Assistant General Counsel*

ADAM RAVIV
  *Chief Counsel*

HUNTER OLIVER
  *Attorney, National Highway
    Traffic Safety Administration*

*Department of Transportation*

BRIAN M. BOYNTON
  *Principal Deputy Assistant
    Attorney General*

MARK B. STERN
JOSHUA M. KOPPEL
KEVIN J. KENNEDY
  *Attorneys, Appellate Staff
  Civil Division, Room 7212
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 514-4820*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................ii

GLOSSARY .......................................................................................... iii

INTRODUCTION AND SUMMARY ......................................................1

ARGUMENT ..........................................................................................2

CONCLUSION .......................................................................................8

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:** Page(s)

*A.L. Pharma, Inc. v. Shalala,*
  62 F.3d 1484 (D.C. Cir. 1995) ............................................................... 7

*Center for Biological Diversity v. EPA,*
  749 F.3d 1079 (D.C. Cir. 2014) ............................................................ 7

*Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,*
  467 U.S. 837 (1984) .............................................................................. 2

*King v. Burwell,*
  576 U.S. 473 (2015) ...............................................................................3

*Loper Bright Enters. v. Raimondo,*
  144 S. Ct. 2244 (2024) ............................................................. 1, 3, 3-4

*Skidmore v. Swift & Co.,*
  323 U.S. 134 (1944) ......................................................................... 3, 4

**Statutes:**

49 U.S.C. § 32902(a) ................................................................................ 2

49 U.S.C. § 32902(f) ................................................................................. 2

49 U.S.C. § 32902(h) ................................................................................ 2

49 U.S.C. § 32919 ..................................................................................... 5

**Legislative Material:**

H.R. Rep. No. 100-476 (1987) ................................................................. 4

**Other Authority:**

87 Fed. Reg. 25,710 (May 2, 2022) ......................................................... 6

# GLOSSARY

| | |
|---|---|
| NHTSA | National Highway Traffic Safety Administration |
| NRDC | Natural Resources Defense Council |

# INTRODUCTION AND SUMMARY

All parties agree that, following the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), this Court would not properly accord *Chevron* deference in deciding whether the National Highway Traffic Safety Administration (NHTSA) has acted within its statutory authority. As the government explained in its supplemental brief, *Loper Bright* does not affect the outcome of the case because no party has argued that the statute is ambiguous, and NHTSA's methodology in promulgating fuel-economy standards is faithful to the statute's best reading.

The arguments in petitioners' supplemental briefs are largely beside the point. Whether NHTSA would have been entitled to deference prior to *Loper Bright* has no bearing on the resolution of the case. Nor is it relevant whether the Court would give deference to NHTSA's interpretation of a preemption provision that is not at issue here and that NHTSA has not purported to interpret. Neither these nor the other arguments set out in petitioners' supplemental briefs aid their case. The Court should deny the petitions for review.

# ARGUMENT

1. Petitioners do not dispute that the Energy Policy and Conservation Act grants NHTSA discretion to determine the maximum feasible fuel-economy level that automakers can achieve and to decide on the methodology used to make that determination, so long as NHTSA abides by the limitations on its decisionmaking set out in Section 32902(h). *See* 49 U.S.C. § 32902(a), (f), (h). There is also no dispute that this Court must determine the best construction of the limitations in Section 32902(h).

The American Fuel & Petrochemical Manufacturers (Fuel Manufacturers) and state petitioners contend that NHTSA's construction of Section 32902(h) would not have been entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), even prior to *Loper Bright*. Fuel Mfrs. Suppl. Br. 12-13. Whether the Court would have properly accorded *Chevron* deference to NHTSA's decision prior to *Loper Bright* is now immaterial. Nor does petitioners' attempted reliance on the major questions doctrine (discussed obliquely in their principal briefing, *see* Fuel Mfrs. Br. 43-44) advance their argument. Congress has

"expressly" delegated NHTSA the authority to set fuel-economy standards, *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2269 (2024) (quoting *King v. Burwell*, 576 U.S. 473, 486 (2015)), and NHTSA has exercised that authority in rulemakings dating back more than four decades. Although petitioners declare that the fuel-economy standards "force[] electrification of the Nation's vehicle fleet," Fuel Mfrs. Suppl. Br. 12, the opposite is true. The methodology ensures that automakers can comply with the fuel-economy standards without producing any electric vehicles additional to those that would have been manufactured in the absence of those standards. Gov't Br. 47-48. As NHTSA explained in issuing the standards, and as discussed at length in our principal brief, NHTSA considers only those electric vehicles that manufacturers are already making or that they would produce voluntarily or in response to other legal requirements.

Fuel Manufacturers and state petitioners acknowledge (Fuel Mfrs. Suppl. Br. 14) that, even after *Loper Bright*, agency interpretations and opinions "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance," *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944); *see Loper Bright*, 144 S. Ct. at

2259.  They nonetheless contend that NHTSA's interpretation of Section 32902(h) has not remained consistent over time and that it therefore lacks persuasive value under *Skidmore*.  Fuel Mfrs. Suppl. Br. 14.

Even if petitioners' assertion were correct, this Court could—and should—deny the petitions for review because NHTSA's methodology plainly accords with the best reading of the statute.  In any event, regardless of any purported inconsistency, NHTSA's construction of the statute possesses the "power to persuade" because it relies upon a "body of experience" and "informed judgment" gained over decades of implementing fuel-economy standards.  *Skidmore*, 323 U.S. at 140.  That construction gives effect to all parts of the statute and is faithful to Congress's intent to incentivize the production of alternative-fuel vehicles without "allow[ing] manufacturers to relax their efforts to achieve better mileage in the remainder of their fleets that are still fueled with gasoline."  H.R. Rep. No. 100-476, at 12 (1987).  NHTSA has explained that petitioners' construction, in contrast, would result in fuel-economy standards that give automakers little or no incentive to improve the fuel economy of their fleet—a result that is clearly

inconsistent with the statute. *See* Gov't Br. 38-40. To the extent that NHTSA's current position is inconsistent with an unexplained construction of Section 32902(h) that NHTSA set forth in a prior rulemaking under different circumstances—at a time when battery-electric vehicles were not produced in any significant number—the earlier statement has no persuasive force.

2. The biofuel intervenors argue (Biofuel Intervenors Suppl. Br. 4-6) that NHTSA is not entitled to deference in interpreting the preemption provision at 49 U.S.C. § 32919. The government has explained (Gov't Br. 59-60) that this Court should not consider the preemption-related argument raised only by intervenors; once again, Fuel Manufacturers and state petitioners say nothing about the Energy Policy and Conservation Act's preemption provision.

In any event, there could not possibly be a question of deference in this case with regard to the preemption provision, before or after *Loper Bright*, because the final rule states that NHTSA "is not taking a position on whether or not [state zero-emission vehicle] programs are preempted under [the Energy Policy and Conservation Act], nor does NHTSA even have authority to make such determinations with the

5

force of law." 87 Fed. Reg. 25,710, 25,983 (May 2, 2022) (JA1146). Thus, the government has not advanced a construction of the preemption provision to which this Court could defer, and intervenors' argument is purely theoretical.

Furthermore, the final rule does not rely on the validity of state zero-emission vehicle programs, which the biofuel intervenors contend are preempted. NHTSA recognized that, even if the state programs were preempted, manufacturers would continue to organize their conduct and design their fleets around those programs at least until they were held invalid by a court. *See* Gov't Br. 62-63. NHTSA thus reasonably accounted for manufacturer responses to the state zero-emission vehicle programs, and this Court need not consider the validity of those state programs or the scope of the Energy Policy and Conservation Act's preemption clause.

3. Petitioner Natural Resources Defense Council (NRDC) states (NRDC Suppl. Br. 4) that its petition for review "is not about statutory ambiguity." NRDC contends that NHTSA acted unreasonably in performing its statutory duty, and the Court need not construe any

statute in order to resolve that issue. The decision in *Loper Bright* is thus not relevant to NRDC's petition for review.

NRDC nonetheless repeats some of the arbitrary-and-capricious arguments from its principal briefing, and in doing so it demonstrates a mistaken understanding of NHTSA's position. NHTSA did not contend that "automakers 'can't achieve' *any* [fuel-economy] gains" with high compression ratio engines. NRDC Suppl. Br. 5. Rather, NHTSA determined that this technology cannot feasibly be implemented in certain vehicles that require an engine that can provide high power density upon demand. *See* Gov't. Br. 99-100. Thus, to improve the realism of its model, NHTSA constrained the model from simulating the application of such technology to those vehicles. NRDC may disagree with NHTSA's engineering judgment, but the agency's conclusion is adequately explained and supported by the record. The Court must "give a high level of deference to [NHTSA's] evaluations of scientific data within its area of expertise." *Center for Biological Diversity v. EPA*, 749 F.3d 1079, 1088 (D.C. Cir. 2014) (quoting *A.L. Pharma, Inc. v. Shalala*, 62 F.3d 1484, 1490 (D.C. Cir. 1995)). *Loper Bright* does not

7

disturb that deferential standard of review applicable to evaluating the reasonableness of NHTSA's technical judgments.

## CONCLUSION

For the foregoing reasons and the reasons set out in our principal brief, the petitions for review should be denied.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant*
    *Attorney General*

*Of Counsel:*

SUBASH IYER
  *Acting General Counsel*

MARK B. STERN

PAUL M. GEIER
  *Assistant General Counsel*

 */s/ Joshua M. Koppel*
JOSHUA M. KOPPEL
KEVIN J. KENNEDY

ADAM RAVIV
  *Chief Counsel*

  *Attorneys, Appellate Staff*
  *Civil Division, Room 7212*
  *U.S. Department of Justice*

HUNTER OLIVER
  *Attorney, National Highway*
    *Traffic Safety Administration*

  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-4820*
  *joshua.m.koppel@usdoj.gov*

*Department of Transportation*

August 2024

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of the Court's July 29, 2024 order because it contains 1,309 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

                                             */s/ Joshua M. Koppel*
                                             Joshua M. Koppel