IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL,<br><br>Petitioner,<br><br>v.<br><br>NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, et al.,<br><br>Respondents. | No. 22-1080 and consolidated cases |

**MOTION FOR AN ABEYANCE**

The federal government respondents National Highway Traffic Safety Administration (NHTSA) *et al.* respectfully move to hold these consolidated cases in abeyance.

1.  The petitions for review in these consolidated cases challenge a rule issued by NHTSA, a component of the Department of Transportation, titled *Corporate Average Fuel Economy Standards for Model Years 2024-2026 Passenger Cars and Light Trucks*, 87 Fed. Reg. 25,710 (May 2, 2022).

2. Following a change in administration, on January 20, 2025, President Trump issued Executive Order 14,154, Unleashing American Energy, 90 Fed. Reg. 8353 (Jan. 20, 2025). That order announces the policy of the United States with respect to government regulations "that favor [electric vehicles] over other technologies" and instructs "[t]he heads of all agencies" to identify agency actions that are "inconsistent with the [stated] policy." *Id.* at 8353-8354.

3. On January 28, 2025, the Secretary of Transportation issued a memorandum directing NHTSA to "commence an immediate review and reconsideration of all existing fuel economy standards applicable to all models of motor vehicles produced from model year 2022 forward, including in particular" the rule at issue in this litigation. Memorandum from Secretary Sean Duffy to Office of the Administrator of NHTSA, *et al.* 3 (Jan. 28, 2025).[1] The memorandum further "direct[s] NHTSA at the earliest opportunity to propose the rescission or replacement of any fuel economy standards as determined necessary to bring the [Corporate Average Fuel Economy] program into compliance with Administration policy and the requirements of the law." *Id.* at 3-4.

---

[1] Available at https://perma.cc/VVG2-C6D6?type=image.

4. In light of these developments, the federal government respondents respectfully move to hold these consolidated cases in abeyance pending review of the challenged rule and any action to rescind or revise that rule. An abeyance will conserve party and judicial resources and promote the efficient and orderly disposition of this appeal, including by ensuring that litigation is focused on an enduring agency action and informed by the views of current agency leadership. The government respectfully proposes to update the Court with status reports at least every 60 days.

5. Petitioner Natural Resources Defense Council (No. 22-1080) takes no position on this motion. The State petitioners (No. 22-1144) consent to this motion. Petitioner American Fuel & Petrochemical Manufacturers (No. 22-1145) and biofuel petitioner-intervenors (Nos. 22-1144 and 22-1145) consent to this motion. The State and city respondent-intervenors (Nos. 22-1144 and 22-1145) take no position on this motion. The public-interest organization respondent-intervenors (Nos. 22-1144 and 22-1145) take no position on this motion. Respondent-intervenors National Coalition for Advanced

Transportation and Zero Emission Transportation Association (Nos. 22-1144 and 22-1145) take no position on this motion.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that these cases be held in abeyance pending further consideration by the Department of Transportation and National Highway Traffic Safety Administration.

Respectfully submitted,

THOMAS PULHAM

/s/ *Joshua M. Koppel*
JOSHUA M. KOPPEL
KEVIN J. KENNEDY
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7212*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  (202) 514-4820

January 31, 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Century Schoolbook, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 460 words, according to the count of Microsoft Word.

/s/ *Joshua M. Koppel*
Joshua M. Koppel